UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

RICHARD LUNA,

                    Petitioner,

vs.                                    Case No.  2:07-cv-3-FtM-36DNF

SECRETARY, FLORIDA DEPARTMENT OF
CORRECTIONS,

                    Respondent.
_____


## OPINION AND ORDER

### I. Status

Petitioner Richard Luna (hereinafter "Petitioner" or "Luna") initiated this action by filing a *pro se* Petition for Writ of Habeas Corpus ("Petition," Doc. #1) pursuant to 28 U.S.C. § 2254 on December 29, 2006.[1] Luna challenges his March 1, 2004 state court judgment of conviction for robbery, burglary of a conveyance, and grand theft entered in the Twentieth Judicial Circuit Court, Lee County, Florida (case number 03-2133CF). Petition at 1. The Petition raises the following grounds for relief.

> Ground 1 - The trial court committed reversible error by failing to grant Petitioner a hearing on his motion to dismiss court-appointed counsel;

> Ground 2 - Trial counsel was ineffective for:

_____

[1]The Petition was filed in this Court on January 3, 2007; however, the Court applies the "mailbox rule" and deems the Petition "filed on the date it was delivered to prison authorities for mailing." Alexander v. Sec'y Dep't of Corr., 523 F.3d 1291, 1294 n.4 (11th Cir. 2008).

> (a)  failing to investigate the relationship between Detective Martinez and Petitioner;
>
> (b)  failing to attack and investigate the victim's credibility; and
>
> (c)  failing to secure a <u>Nelson</u>[2] hearing when directed to do so by Petitioner to determine whether counsel was effective.

<u>Id.</u> at 5-6.  Petitioner filed a Memorandum of Law in Support of his Petition (Doc. #7, Pl. Memorandum).

In accordance with the Court's Order to Show Cause (Doc. #8), Respondent filed a Response to the Petition (Doc. #12, Response) and supporting exhibits (Exhs. 1-15), including the four volume record on appeal.  After being granted an extension of time (Doc. #15), Petitioner filed a Reply to Respondent's Response (Doc. #17, Reply).  This matter is ripe for review.

## II. Procedural History

Luna was charged by Information with one count each of Robbery With a Firearm (Count I), Burglary of a Conveyance (Count II), and Grand Theft (Count III).  Exh. 15, Vol. 1 at 6-7.  Luna proceeded to trial on November 3, 2003, and was represented by Assistant Public Defender Christopher H. Brown.  The jury returned a guilty verdict of the lesser-included offense of Robbery, and a verdict of guilty of Burglary of a Conveyance and Grand Theft as charged. <u>Id.</u>, Vol. 2 at 36.  On March 1, 2004, the court sentenced Luna as a habitual offender to 25 years imprisonment on the robbery count,

_____

[2]<u>Nelson v. State</u>, 274 So. 2d 256 (Fla. 4th DCA 1973).

and 10 years on the burglary and grand theft counts, with the sentences to run concurrently. Id., Vol. 1 at 102-111.

Luna, represented by appointed counsel, Jean-Jacques A. Darius, pursued a direct appeal raising three grounds of trial court error, including the same ground of trial court error raised in the instant Petition (Ground 1). Exh. 1. The State filed an answer brief. Exh. 2. The appellate court *per curiam* affirmed Luna's convictions and sentences on November 24, 2004. Exh. 3; Luna v. State, 892 So. 2d 1029 (Fla. 2d DCA 2003). Luna filed a motion for rehearing, which was denied by the appellant court. Exhs. 4-5.

On August 25, 2005, Luna, through retained counsel, filed a motion for post-conviction relief pursuant to Rule 3.850 of the Florida Rules of Criminal Procedure raising four grounds of ineffective assistance of trial counsel, which included the instances of ineffective assistance of trial counsel raised in the instant Petition (Ground 2(a),(b) and (c)). Exh. 7. After being directed by the post-conviction trial court, the State filed a response attaching portions of the record. Exhs. 8-9. The post-conviction trial court summarily dismissed the Rule 3.850 motion, adopting the State's response and finding that the record reflected that trial "counsel was not ineffective." Exh. 10.

Luna appealed the denial of his Rule 3.850 motion and filed a *pro se* brief. Exh. 11. Due to the summary nature of the

proceedings, the State elected not to file an answer brief. Exh.
#12. On December 8, 2006, the appellate court *per curiam* affirmed
the post-conviction trial court's denial of Petitioner's Rule 3.850
motion. Exh. 13; Luna v. State, 944 So. 2d 363 (Fla. 2d DCA 2006).
Mandate issued December 29, 2006. Exh. 19.

### III. Applicable § 2254 Law

Luna filed his timely[3] Petition after April 24, 1996, the
effective date of the Antiterrorism and Effective Death Penalty Act
of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214 (1996).
Consequently, post-AEDPA law governs this action. Abdul-Kabir v.
Quarterman, 127 S. Ct. 1654, 1664 (2007); Penry v. Johnson, 532
U.S. 782, 792 (2001); Davis v. Jones, 506 F.3d 1325, 1331, n.9
(11th Cir. 2007). Under AEDPA, the standard of review "is 'greatly
circumscribed and highly deferential to the state courts.'
Crawford v. Head, 311 F.3d 1288, 1295 (11th Cir. 2002)." Stewart
v. Sec'y Dep't of Corr., 476 F.3d 1193, 1208 (11th Cir. 2007). See
also Parker v. Sec'y Dep't of Corr., 331 F.3d 764 (11th Cir. 2003).
AEDPA altered the federal court's role in reviewing state prisoner
applications in order to "prevent federal habeas 'retrials' and to
ensure that state-court convictions are given effect to the extent
possible under law." Bell v. Cone, 535 U.S. 685, 693 (2002).

---

[3]The AEDPA imposes a one-year statute of limitations on § 2254
actions. 28 U.S.C. § 2244(d). Although not addressed by
Respondent, the Court independently finds that the Petition was
timely filed.

## A. Federal Question

A federal court may only entertain an application for a writ of habeas corpus from a state prisoner who claims his custody violates the "Constitution or the laws or treaties of the United States." 28 U.S.C. § 2254(a). Questions of state law are generally insufficient to warrant review or relief by a federal court under § 2254. Estelle v. McGuire, 502 U.S. 62, 68 (1991); Carrizales v. Wainwright, 699 F.2d 1053, 1055 (11th Cir. 1983); Cabberiza v. Moore, 217 F.3d 1329, 1333 (11th Cir. 2000). A violation of a state rule of procedure, or of state law itself, is not a violation of the federal constitution. Wallace v. Turner, 695 F.2d 545, 548 (11th Cir. 1982); Branan v. Booth, 861 F.2d 1507, 1508 (11th Cir. 1989). "It is a fundamental principle that state courts are the final arbiters of state law, and federal habeas courts should not second-guess them on such matters." Herring v. Sec'y. Dep't of Corr., 397 F.3d 1338, 1355 (11th Cir. 2005)(internal quotations and citations omitted). Although the determination of whether a constitutional decision of the Supreme Court is a matter of federal law, "[w]hen questions of state law are at issue, state courts generally have the authority to determine the retroactivity of their own decisions." Danforth v. Minnesota, 128 S. Ct. 1029, 1048 (2008).

## B. Deference to State Court Decision

A federal court must afford a high level of deference to the state court's decision. See, e.g., Ferguson v. Culliver, 527 F.3d 1144, 1146 (11th Cir. 2008). Habeas relief may not be granted with respect to a claim adjudicated on the merits in state court unless the adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). See Brown v. Payton, 544 U.S. 133, 141 (2005); Price v. Vincent, 538 U.S. 634, 638-39 (2003). A state court's summary rejection of a claim, even without explanation, qualifies as an adjudication on the merits which warrants deference. Ferguson, 527 F.3d at 1146; Wright v. Sec'y Dep't of Corr., 278 F.3d 1245, 1253-54 (11th Cir. 2002). See also Peoples v. Campbell, 377 F.3d 1208, 1227 (11th Cir. 2004), cert. denied, 545 U.S. 1142 (2005).

"Clearly established federal law" consists of the governing legal principles, rather than the *dicta*, set forth in the decisions of the United States Supreme Court at the time the state court issues its decision. Carey v. Musladin, 549 U.S. 70, 74 (2006)(citing Williams v. Taylor, 529 U.S. 362, 412 (2000)). In cases where nothing in the Supreme Court's jurisprudence addresses

the issue on point or the precedent is ambiguous and gives no clear answer to the question, it cannot be said that the state court's conclusion is contrary to, or constitutes an unreasonable application of, "clearly established Federal law." <u>Wright v. Van Patten</u>, 128 S. Ct. 743, 747 (2008); <u>Mitchell v. Esparza</u>, 540 U.S. 12, 15-16 (2003).

A state court decision can be deemed "contrary to" the Supreme Court's clearly established precedents within the meaning of § 2254(d)(1) only if: (1) the state court applies a rule that contradicts the governing law as set forth in Supreme Court cases, or (2) the state court confronts a set of facts that is "materially indistinguishable" from those in a decision of the Supreme Court and yet arrives at a different result. <u>Brown</u>, 544 U.S. at 141; <u>Mitchell</u>, 540 U.S. at 15-16. Further, it is not mandatory for a state court decision to cite, or even to be aware of, the relevant Supreme Court precedents, "so long as neither the reasoning nor the result . . . contradicts them." <u>Early v. Parker</u>, 537 U.S. 3, 8 (2002); <u>Mitchell</u>, 540 U.S. at 16.

A state court decision involves an "unreasonable application" of the Supreme Court's precedents if the state court correctly identifies the governing legal principle but applies it to the facts of the petitioner's case in an objectively unreasonable manner, <u>Brown</u>, 544 U.S. at 134; <u>Bottoson v. Moore</u>, 234 F.3d 526, 531 (11th Cir. 2000), <u>cert. denied</u>, 534 U.S. 956 (2001); or, "if the state court either unreasonably extends a legal principle from

[Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." Bottoson, 234 F.3d at 531 (quoting Williams, 120 S. Ct. at 1520). The "unreasonable application" inquiry "requires the state court decision to be more than incorrect or erroneous"; it must be "objectively unreasonable." Lockyer v. Andrade, 538 U.S. 63, 75-77 (2003) (citation omitted); Mitchell, 540 U.S. at 17-18. Depending upon the legal principle at issue, there can be a range of reasonable applications. Yarborough v. Alvarado, 541 U.S. 652, 663-64 (2004). Thus, the state court's decision is not subject to federal review de novo; rather, § 2254(d)(1) relief is only available upon a showing that the state court decision meets the "objectively unreasonable" standard. Id. at 665-66.

A § 2254 petitioner can also obtain relief by showing that a state court decision "was based on an unreasonable determination of the facts in light of the evidence presented." 28 U.S.C. § 2254(d)(2). Where the credibility of a witness is at issue, relief may only be granted if it was unreasonable, in light of the evidence presented, for the state court to credit the testimony of the witness in question. Rice v. Collins, 546 U.S. 333, 338 (2006). Additionally, a factual finding by a state court is presumed to be correct and a petitioner must rebut this "presumption of correctness by clear and convincing evidence." 28

U.S.C. § 2254(e)(1); <u>Miller-El v. Dretke</u>, 545 U.S. 231, 240 (2005); <u>Henderson</u>, 353 F.3d at 890-91. This statutory presumption of correctness, however, "applies only to findings of fact made by the state court, not to mixed determinations of law and fact." <u>Parker v. Head</u>, 244 F.3d 831, 836 (11th Cir.), <u>cert. denied</u>, 534 U.S. 1046 (2001) (citation omitted).

### C. Ineffective Assistance of Counsel

Ineffective assistance of counsel claims are reviewed under the standards established by 28 U.S.C. § 2254(d). <u>Newland v. Hall</u>, 527 F.3d 1162, 1183 (11th Cir. 2008). Post-AEDPA, the standard set forth in <u>Strickland v. Washington</u>, 466 U.S. 668 (1984), remains applicable to the claims of ineffective assistance of counsel raised in this case. <u>Newland</u>, 527 F.3d at 1184. In <u>Strickland</u>, the Supreme Court established a two-part test to determine whether a convicted person is entitled to habeas relief on the grounds that his or her counsel rendered ineffective assistance: (1) whether counsel's representation was deficient, <u>i.e.</u>, "fell below an objective standard of reasonableness" "under prevailing professional norms," which requires a showing that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment"; and (2) whether the deficient performance prejudiced the defendant, <u>i.e.</u>, there was a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different,

which "requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." <u>Strickland</u>, 466 U.S. at 688; <u>see</u> <u>also</u> <u>Bobby Van Hook</u>, 558 U.S. ___, 130 S. Ct. 13, 16 (2009).

States may "impose whatever specific rules . . . to ensure that criminal defendants are well represented," but "the Federal Constitution imposes one general requirement: that counsel make objectively reasonable choices." <u>Bobby Van Hook</u>, 130 S. Ct. at 17 (internal quotations and citations omitted). It is petitioner who bears the heavy burden to "prove, by a preponderance of the evidence, that counsel's performance was unreasonable." <u>Jones v. Campbell</u>, 436 F.3d 1285, 1293 (11th Cir. 2006), <u>cert. denied</u> <u>sub</u> <u>nom.</u> <u>Jones v. Allen</u>, 127 S. Ct. 619 (2006). A court must "judge the reasonableness of counsel's conduct on the facts of the particular case, viewed as of the time of counsel's conduct," <u>Roe v. Flores-Ortega</u>, 528 U.S. 470, 477 (2000) (quoting <u>Strickland</u>, 466 U.S. at 690), applying a "highly deferential" level of judicial scrutiny. <u>Id.</u> A court must adhere to a strong presumption that "counsel's conduct falls within the wide range of reasonable professional assistance." <u>Strickland</u>, 466 U.S. at 689. An attorney is not ineffective for failing to raise or preserve a meritless issue. <u>Ladd v. Jones</u>, 864 F.2d 108, 109-10 (11th Cir.), <u>cert. denied</u> <u>sub nom.</u> <u>Ladd v. Burton</u>, 493 U.S. 842 (1989); <u>United States v. Winfield</u>, 960 F.2d 970, 974 (11th Cir. 1992) ("a lawyer's

failure to preserve a meritless issue plainly cannot prejudice a client"). "To state the obvious: the trial lawyers, in every case, could have done something more or something different. So, omissions are inevitable. But, the issue is not what is possible or 'what is prudent or appropriate, but only what is constitutionally compelled.'" Chandler v. United States, 218 F.3d 1305, 1313 (11th Cir. 2000)(quoting Burger v. Kemp, 483 U.S. 776, 794 (1987)).

## IV.  Findings of Fact and Conclusions of Law

This Court has carefully reviewed the record and, for the reasons set forth below, concludes no evidentiary proceedings are required in this Court. Schriro v. Landrigan, 550 U.S. 465, 127 S. Ct. 1933, 1939-40 (2007). Petitioner does not proffer any evidence that would require an evidentiary hearing, Chandler v. McDonough, 471 F.3d 1360 (11th Cir. 2006), and the Court finds that the pertinent facts of the case are fully developed in the record before the Court. Schriro, 127 S. Ct. at 1940; Turner v. Crosby, 339 F.3d 1247, 1275 (11th Cir. 2003), cert. denied, 541 U.S. 1034 (2004).

The Court has reviewed the full post-conviction record, including to the extent relevant, the trial transcript. The Court will cite to pertinent portions of the record in assessing each of the grounds raised in the Petition which were properly exhausted in the State court.

<u>Ground 1</u>

Petitioner contends that the State court committed reversible error by failing to grant him a hearing on his motion to dismiss court-appointed counsel in violation of his Fifth, Sixth and Fourteenth Amendment rights. Petition at 5, Pl. Memorandum at 7. Petitioner raised this issue on direct appeal. Exh. 1 at 17-18. In his direct appeal, Luna claimed that the trial court failed to conduct a hearing as required by <u>Nelson v. State</u>, 274 So. 2d 256 (Fla. 4th DCA 1973),[4] after Luna filed a motion to dismiss his counsel for conflict of interest on September 16, 2003. Exh. 1 at 17. The State, in its answer brief, argues that Luna waived this issue. Exh. 2 at 22. The State pointed out that, although Luna filed a motion to dismiss his court appointed counsel, the record reflects that Luna never set the issue for hearing and, in fact, appeared at subsequent hearing with court appointed counsel without voicing any "displeasure" to the court concerning his counsel.[5]

_____

[4]<u>Nelson</u> establishes the procedures to be followed in the Florida courts when a defendant seeks to discharge his court-appointed counsel on grounds that counsel is rendering ineffective assistance.

[5]A review of the Motion reveals that, although entitled a "Motion to Dismiss Counsel for Conflict of Interest," the motion filed by Luna complained of his disagreement with his counsel as to certain trial strategies and whether Petitioner should accept a 10 year plea offered by the State. Trial counsel's responses to Luna's motion further clarify that counsel and Petitioner did not have conflict of interest, but instead disagreed as to certain trial strategies. <u>See</u> Doc. #7, exhibits 12, 13 and 14. Disagreement with trial counsel's strategy alone is not sufficient to require a <u>Nelson</u> hearing. <u>Morrison v. State</u>, 818 So.2d 432
(continued...)

Id. The appellate court *per curiam* affirmed Luna's conviction and sentences. Exh. 3.

In response, Respondent argues that this Court lacks jurisdiction to hear this issue because it fails to present an issue of federal constitutional magnitude. Response at 9. The Court agrees. Petitioner's claim for relief challenges the State court's interpretation of its own procedural rules and laws. In particular, although now "couched" as a constitutional claim,[6] this issue presents only a state law question. Because this ground challenges the State court's interpretation of a State procedural rule, it fails to state a cognizable claim that is subject to federal habeas review. Branan v. Booth, 861 F.2d 1507-08; Carrizales v. Wainwright, 699 F.2d 1055; Estelle v. McGuire, 502 U.S. 67-68; Pollock v. Sec'y Dep't of Corr., 2009 WL 3262025 (11th Cir. Oct. 13, 2009).

Further, Petitioner does not demonstrate that the decision by the Florida appellate court was contrary to clearly established federal law, was an unreasonable application of clearly established federal law, or was based on an unreasonable determination of the facts in light of the evidence presented in the State court

---

[5](...continued)
(Fla.), cert. denied, 537 U.S. 957(2002).


[6]Significantly, Petitioner did not raise a constitutional dimension to this ground on direct appeal.

proceeding. Consequently, Petitioner fails to meet his burden to warrant federal habeas relief.

<u>Ground 2</u>

In his second ground for relief, Petitioner alleges three separate instances of ineffectiveness of trial counsel. Petition at 6. Each of these instances of ineffective assistance of counsel was raised by Petitioner in his Rule 3.850 motion. The post-conviction trial court in its June 5, 2006 Order, denying the Rule 3.850 motion "adopt[ed] the legal argument set forth by the State in its Response." Exh. 10 at 1 (June 5th Order). In its response, the State correctly identifies <u>Strickland v. Washington</u>, 466 U.S. 668 (1984), as the correct governing standard for evaluating each of Petitioner's ineffective assistance of counsel claims. Exh. 10 at 2.[7] The June 5th Order, in addition to adopting the State's Response, incorporated portions of the trial transcript, which "reflect that [Luna's] counsel was not ineffective in his representation of [Luna]." June 5th Order at 1. The appellate court affirmed the post-conviction court's denial of the Rule 3.850 motion. Exh. 13. Consequently, the Court will review each claim under the deferential standard of review.

---

[7]A copy of the "State's Response to [Luna's] Motion for Post Conviction Relief Pursuant to Rule 3.860" is also attached at Exhibit 9. This Order will reference the State's Response that is attached to the June 5th Order at Exhibit 10.

Here, the trial court, in adopting the response by the State, correctly recognized that <u>Strickland</u> governs ineffective assistance of counsel claims. Thus, Petitioner cannot meet the "contrary to" test set forth in § 2254(d)(1). In order to prevail on any of his claims, Petitioner must demonstrate that the State court unreasonably applied <u>Strickland</u> or unreasonably determined the facts in his case.

Petitioner first argues that trial counsel failed to investigate the relationship between Petitioner and Detective Martinez that was "prejudicial" to Petitioner. Petition at 6. In support, Petitioner claims that counsel was aware that Detective Martinez had "a bone to pick" with Petitioner as a result of Martinez' relationship with Petitioner's step-daughter. Pl. Memorandum at 16. Due to counsel's failure to investigate this relationship, Petitioner asserts that he was "subjected . . . to prejudicial testimony from Detective Martinez at his jury trial." <u>Id.</u>

The post conviction court adopted the following argument advanced by the State in denying relief:

> The defendant is seeking to raise as a claim of ineffective assistance of counsel an issue that was previously raised strategically at trial to protect the defendant. It appears that the officer was aware of a domestic violence charge against the defendant. Without any record citation at all, the defendant reprints what appears to be a quote from the defendant regarding an affair that Officer Martinez had with the defendant's step daughter, and claims counsel was ineffective for failing to open this door to show Officer Martinez was

biased against the defendant.  Officer Martinez' role in
this case was only to identify the defendant by name.
The victim had pulled off the tag on the defendant's car,
so the identification process was going to come down to
the defendant one way or the other, no matter what there
was or wasn't as far as issues between the defendant and
this particular officer.  Further, because one of the two
victims, Anthony Slisher approached the defendant at the
scene and had an angry interchange with him, and was
therefore able to identify the defendant.  The defendant
has suffered no prejudice from counsel's failure to
expose some alleged personal animosity between the
defendant and Officer Martinez based on an alleged affair
the officer had with the defendant's stepdaughter.  The
defendant has failed to establish either deficiency or
prejudice pursuant to <u>Strickland v. Washington</u>, supra,
and based on the record, this claim warrants neither a
hearing nor relief.

Exh. 10, State's response at 2.

Here the record demonstrates that Officer Martinez, who was
working the evening of the crime, testified that after the "BOLO
was issued over the radio" and "an address was given" he recognized
the address belonged to Luna.  Exh. 10, trial transcript at 79.
Martinez confirmed that the address provided over the radio was
obtained from a "Florida license plate."  <u>Id.</u>  While Martinez
testified that he knew the address belonged to Luna because he
"knew the suspect," Martinez did not provide any testimony as to
how he came to know Luna.  Martinez' testimony was consistent with
the trial court's prior ruling that any of the officers who knew
Luna from prior occasions could not testify how they knew him, only
that he was known to them from the community.  Exh. 15, Vol. IV at
11-24.  In fact, defense counsel specifically warned that there

should not "be no testimony or slip-ups in front of the jury about, you know, a domestic violence charge or prior incidences or injunctions or anything like that" when he argued for a limiting instruction for the police officers who were testifying. Id. at 11.

Based upon the foregoing, the Court can not conceive how it would be to Petitioner's benefit for his counsel to introduce evidence of a potential animosity between Martinez and Petitioner, when such evidence was predicated upon a domestic abuse charge. Indeed, the trial court found such potential evidence "highly prejudicial." Id. at 24.

Consequently, upon a thorough review of the record and the applicable law, it is clear that Petitioner is not entitled to relief on the first instance of ineffective assistance of counsel, because the state court's adjudication of the claim was not contrary to clearly established federal law, did not involve an unreasonable application of clearly established federal law, and was not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. 28 U.S.C. § 2254(d).

Petitioner next argues that counsel was ineffective for failing to attack and investigate the victim's credibility. Petition at 6. In support Petitioner argues that counsel failed to point out the inconsistencies between the victim's testimony from

his deposition, his "sworn taped statement," and the victim's trial testimony.  Pl. Memorandum at 18.  Petitioner asserts that even after the trial court alerted defense counsel to the discrepancies, counsel failed to impeach the victim.  Id.  In particular, Petitioner states that the victim did not make any mention of a gun at his initial "sworn taped statement."  Id. at 19.

According to Petitioner, at his deposition the victim alleged that Petition had a "shiny silver gun."  Id.  At trial, the victim claimed that Petitioner had a "black handgun."  Id.  Petitioner claims that due to counsel's failure to impeach the witness with these inconsistencies, he was subjected "to a harsher sentence by the court."  Id. at 20.

The post conviction court, agreeing with the State's response that the record refuted this claim, stated as follows:

> The defendant claims that counsel was ineffective for failing to impeach the victim with his description of the defendant's gun which, the defendant asserts, varied from a "black hand gun" to a "shiny" gun that the witness agreed was shiny like silver shiny, to his trial testimony where he again said it was black.  At trial, Anthony Slisher testified the defendant held up something he believed was a firearm, but he didn't get a good look at it.  (Trial transcript at page 100-101).  He did testify however, that he got a good look at the defendant and there was no doubt in his mind about that, (trial transcript at 97-101,106-109, 111).  On cross examination, the witness said it could have been brown or dark gray, but it was dark metal with a hole in it.  When asked,
>
>> QUESTION: Okay, that was the night of it.  Now, later when asked you said at deposition that it was silver or shiny, is that right, or were you referring to the inside of the hole?

ANSWER: No, at the depo I said it was shiny.
I never said it was silver.

QUESTION: You said it was shiny?

ANSWER: Yes.

QUESTION: You said it was dark and shiny?

ANSWER: Yes, there was light gleaming off of
it from the light over attached to the
building.

QUESTION: But to get it straight you're
saying—whatever you saw, you're saying, as Mr.
Galasso said to you in the depo, you're
looking at the tip and that's what you're
describing is the tip with a hole in it.
You're saying that's the dark shiny metal, is
that fair to say?

ANSWER: That's fair to say, yes. (Transcript
of trial at 114-116).

From this exchange it is obvious that counsel was aware
that the witness saw only the tip of what he believed was
a gun, and that any discrepancy in the witness'
description of it was clarified. There is no deficiency
because counsel addressed the difference between the
descriptions given and they were clarified by the
witness; therefore, no prejudice inured to the defense
because there was no deficiency; [sic] therefore based on
the record itself which establishes that counsel
addressed what the defendant now claims he failed to do,
neither a hearing nor relief is warranted.

Exh. 10, State's Response at 2-3.

The Court agrees that Petitioner's claim is refuted by the

record. Trial counsel pointed out the perceived deficiencies in

the victim's testimony for the jury. In fact, the jury found Luna

guilty of the lesser-included offence of robbery, not the charged

offense of robbery with a firearm. Exh. 10, trial transcript at

188.  Under these circumstances, Petitioner cannot demonstrate the
prejudice prong under <u>Strickland</u>.   Accordingly, the Court finds
that Petitioner is not entitled to relief on his second instance of
ineffective  assistance  of  counsel,  because  the  State  court's
adjudication of the claim was not contrary to clearly established
federal law, did not involve an unreasonable application of clearly
established  federal  law,  and  was  not  based  on  an  unreasonable
determination  of  the  facts  in  light  of  the  evidence  presented  in
the state court proceedings.   28 U.S.C. § 2254(d).

     In his final claim of ineffective assistance of trial counsel,
Petitioner faults counsel for failing to secure Petitioner either
a  "<u>Nelson</u>  Hearing  or  <u>Faretta</u>  Inquiry"  concerning  counsel's
ineffectiveness.   Petition at 6.   Petitioner submits that counsel
characterized his request to have counsel dismissed as "idiotic."
Pl. Memorandum at 21.   Petitioner argues that counsel tried to
dissuade him from moving for dismissal by agreeing with Petitioner
on certain points, but agreed he would "secure a hearing."   <u>Id.</u> at
22.   The State, in its response to Petitioner's Rule 3.850 motion,
which was adopted by the post conviction court, claimed that this
issue was barred because it is a direct appeal issue:

> The defendant filed a Motion to Dismiss Counsel prior to
> trial, and now claims that counsel was ineffective for
> failing to set that Motion for hearing.   Despite the
> defendant's exhibit 14 wherein counsel said he would set
> the defendant's motion for hearing, (and did not), this
> is a direct appeal issue.   Once the court received the
> defendant's motion to dismiss counsel, it was the court's
> obligation  to  make  the  proper  inquiry.    In  <u>Mason v.</u>

> State, 654 So. 2d 1225, (2d DCA 1995) the Second District
> Court of Appeal held that the trial court is *required* to
> determine whether the defendant is waiving his right to
> court appointed counsel or not since a defendant has no
> right to a different court appointed counsel. Since this
> is a requirement placed upon the trial court, it is a
> direct appeal issue, and should not be considered in a
> post conviction motion. Lee v. State, 641 So. 2d 164
> (1st DCA 1994) establishes that a claim of this nature is
> a direct appeal issue. A post conviction motion is not
> a second appeal, and the defendant is barred from now
> raising this issue under the guise of ineffective
> assistance of counsel. Rodriguez v. State, 2005 WL
> 1243475, 30 FLW S385 (May 26, 2005).

Exh. 10, State's response at 4. As noted above, the appellate

court *per curiam* affirmed the denial of Petitioner's Rule 3.850

motion.

The Court agrees that this issue, although raised as an

ineffective assistance of counsel claim, raises only State law

issues. See *infra* at 12-13. Additionally, under Florida law,

"where a defendant, before the commencement of a trial, makes it

apparent to the trial judge that he desire to discharge his

appointed counsel, the trial judge . . . should make an inquiry."

Nelson, 274 So.2d at 258 (emphasis added). Consequently,

Petitioner cannot show deficient performance by counsel because

counsel does not have a duty to initiate the Nelson proceedings.

Further, as pointed out by the State, Petitioner waived any

claim by failing to secure a Nelson hearing before trial. Other

than in his September 16, 2003 motion, Petitioner did not alert the

trial court that he was dissatisfied with counsel. In fact, prior

to commencement of trial on November 4, 2003, the trial court

-21-

inquired of Petitioner in open court whether there had been any plea discussions and was advised that the State's initial offer of 10 years had not been accepted by Luna. Exh. 15. Vol. IV at 4. Luna did not, at that time, or at any other time before trial, voice any dissatisfaction to the court about his trial counsel.

Finally, although Petitioner also asserts a <u>Faretta</u> claim[8] in his Petition, the claim has not been exhausted. In Petitioner's Rule 3.850 motion, Petitioner raised this issue in terms of <u>Nelson</u> only and did not assert any federal constitutional claim under <u>Faretta</u>. Exh. 7 at 7-9. Thus, Petitioner is barred from raising this claim because he failed to alert the State courts to its existence. 28 U.S.C. § 2254(b)(1)(A); <u>Rhines v. Weber</u>, 544 U.S. 269, 274 (2005). Moreover, Petitioner has failed to demonstrate that the State court's adjudication of this claim was contrary to clearly established federal law, involved an unreasonable application of clearly established federal law, or was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. 28 U.S.C. § 2254(d).

Based upon the foregoing, the Court will deny the instant Petition. Any other claim not specifically addressed is found to be without merit under the legal principles set forth above.

---

[8]In <u>Faretta v. California</u>, 422 U.S. 806 (1975), the United States Supreme Court held that a defendant in a state criminal trial has the constitutional right to proceed without counsel when he voluntarily and intelligently elects to do so.

Therefore, it is now

**ORDERED AND ADJUDGED:**

1.   The Petition for Writ of Habeas Corpus (Doc. #1) is **DENIED.**

2.   The Clerk of the Court shall enter judgment accordingly; terminate any pending motions; and close this file.

**CERTIFICATE OF APPEALABILITY AND
LEAVE TO APPEAL *IN FORMA PAUPERIS* DENIED**

**IT IS FURTHER ORDERED** that Petitioner is not entitled to a certificate of appealability.  A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition.   28 U.S.C. § 2253(c)(1).   Rather, a district court must first issue a certificate of appealability (COA).  <u>Id.</u>  "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."  <u>Id.</u> at § 2253(c)(2).  To make such a showing, petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," <u>Tennard v. Dretke</u>, 542 U.S. 274, 282 (2004) (quoting <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 335-36 (2003) (quoting <u>Barefoot v. Estelle</u>, 463 U.S. 880, 893 n. 4 (1983)).

Petitioner has not made the requisite showing in these circumstances.

Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis*.

**DONE AND ORDERED** in Fort Myers, Florida, on this 2nd day of April, 2010.

Charlene Edwards Honeywell
United States District Judge

SA: hmk

Copies: All Parties of Record